** Summary ** REGULATIONS CONCERNING EMPLOYEE SALARIES OF GRAND RIVER DAM AUTHORITY The Grand River Dam Authority, being excluded from the application of the provisions of House Joint Resolution 1020, is not required to grant cost of living salary increases to its classified employees as provided by Section 1A of the Resolution, nor is the Authority subject to the restrictions on salary increases set forth in Section 3 of said resolution. Although the Authority is exempt from adjusting the salaries of its classified employees as provided in Section 1B of the Resolution, the provisions of 74 O.S. 817.3 [74-817.3] (1971) require the Authority to make the adjustments to conform to the state's Uniform Compensation Plan. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Was the Grand River Dam Authority correct in failing to grant the cost of living increase as provided by Section 1A of House Joint Resolution 1020, by reason of the authority being excluded from the application of said resolution by Section 4 thereof? 2. Is the Authority obligated to adjust the salaries as outlined in Section 1B of said resolution or is the Authority excluded from the operation of this section by reason of the general exclusion provided by Section 4? 3. What is the effect, if any, of the language of Section 3 limiting salary increases for employees through June 30, 1972, if in your opinion we are not excluded from the requirements of Section 1A and/or Section 1B? Section 1B of House Joint Resolution provides that all state agencies shall: "Adjust the salaries of all classified employees whose job classifications have received a pay grade change to become effective January 1, 1972, as recommended by the Wage Adjustment and Salary Board and adopted by the State Personnel Board, in accordance with the provisions of Title 74 O.S. 805 [74-805] of the Oklahoma Statutes, Sections 805 and 817.3. All such adjustments shall be limited to classified employees in the 467 job classifications considered by the Wage Adjustment and Salary Board at its November 16 and 17, 1970, meeting and shall be made in accordance with the Merit System rules, and provide each employee so affected at least one step salary advancement." Section 4 provides: "The provisions of this Resolution do not apply to the employees of the Grand River Dam Authority." It is clear that the Legislature intended that the provisions of House Joint Resolution 1020 not apply to the employees of the Grand River Dam Authority. Therefore, the answer to your first question is in the affirmative. In regard to your second question, although the employees of the Grand River Dam Authority are exempt from the provisions of House Joint Resolution 1020, they are still subject to other applicable provisions of law. Title 74 O.S. 817.3 [74-817.3](c) (1971), provides: "The Wage Adjustment and Salary Board shall develop necessary procedures for recommending a uniform compensation plan. In recommending the Uniform Compensation Plan, this Board shall consider and give due regard to the rates of compensation for other classes and to the relative difficulty and responsibilities of the duties of the class, the minimum qualifications requisite therefor, the prevailing rates of pay for similar employment outside the classified service, job evaluation standards, economic considerations, and any other factors that may properly be considered to have a bearing upon the fairness and adequacy of the compensation plan. This Board shall, from time to time, make such recommendations for changes in the compensation plan, as changes in classes or in economic conditions, or in other factors, may require. Each classified employee shall be paid compensation in accordance with such compensation plan." (Emphasis added) Subsection (d) provides in part: "No employee shall be paid by any department head under the classified services below the classified wage schedule." While the Grand River Dam Authority would not be required to adjust the salaries of its classified employees as required by Section 1B of the resolution, Section 4 of the resolution does not exclude the Authority from the provisions of 74 O.S. 817.3 [74-817.3] (1971). Since the adjustment in salaries made by the Wage Adjustment and Salary Board are now part of the Uniform Compensation Plan of the State of Oklahoma, the above provisions require the Grand River Dam Authority to adjust the salaries of its classified employees accordingly. In answer to your third question, Section 4 of the resolution excludes the Grand River Dam Authority from the operation of Section 3 of the resolution and its restrictions on salary increases. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The Grand River Dam Authority, being excluded from the application of the provisions of House Joint Resolution 1020, is not required to grant cost of living salary increases to its classified employees as provided by Section 1A of the Resolution, nor is the Authority subject to the restrictions on salary increases set forth in Section 3 of said Resolution. Although the Authority is exempt from adjusting the salaries of its classified employees as provided in Section 1B of the Resolution, the provisions of 74 O.S. 817.3 [74-817.3] (1971) require the Authority to make the adjustments to conform to the state's Uniform Compensation Plan. (Mike D. Martin)